**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HOSTLOGIC ZRT.,**

      **Plaintiff,**

v.                                                               Case No: 6:13-cv-982-Orl-36KRS

**GH INTERNATIONAL, INC., JGH
GLOBAL INCORPORATED, JOSEPH
G. HARTSHORNE and VIVEK SINHA,**

      **Defendants.**

_____

**ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding, filed on June 10, 2014 (Doc. 33). In the Report and Recommendation, Magistrate Judge Spaulding recommends that Plaintiff HostLogic Zrt.'s ("Plaintiff") Motion for Default Judgment ("Motion for Default Judgment") (Doc. 32) be granted in part and denied in part. *See* Doc. 33. No party has objected to the Report and Recommendation and the time to do so has expired.

On December 18, 2013, default was entered against Defendants GH International, Inc. ("GH International"), JGH Global Incorporated ("JGH Global"), Joseph G. Hartshorne ("Hartshorne"), and Vivek Sinha ("Sinha") pursuant to Federal Rule of Civil Procedure 55(a). Doc. 30. On February 21, 2014, Plaintiff filed its Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 32. Defendants did not respond to Plaintiff's Motion for Default Judgment. Upon review, the Court is in agreement with the Magistrate Judge's determinations that the Court has diversity jurisdiction over the case, but that Plaintiff has failed to establish the Court's personal jurisdiction over Sinha, and that the claims against him should

therefore be dismissed without prejudice. *See* Doc. 33 at 6–11. The Court also agrees that Plaintiff has adequately established that GH International and Hartshorne are liable to Plaintiff for breach of contract (Count I) and that JGH Global is liable to Plaintiff for unjust enrichment (Count III). *See id.* at 11–14. Further, the Court agrees with the Magistrate Judge's determination as to damages, including that Plaintiff is not entitled to prejudgment interest. *See id.* at 14–17. Finally, the Court agrees with the Magistrate Judge that Plaintiff has failed to establish its entitlement to costs. *See id.* at 17–18.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 33) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's Motion for Default Judgment (Doc. 32) is **GRANTED in part and DENIED in part** as follows:

    a. The claims against Defendant Vivek Sinha are **DISMISSED without prejudice** for lack of personal jurisdiction.

    b. Defendants GH International, Inc. and Joseph G. Hartshorne are liable for breach of contract (Count I).

    c. Defendant JGH Global Incorporated is liable for unjust enrichment (Count III).

      d.      Plaintiff is awarded damages against Defendants GH International, Inc., Joseph G. Hartshorne, and JGH Global Incorporated, jointly and severally, in the amount of $271,680, which represents the unreturned amount under the Agreement for Loan and Profitability, as converted into U.S. Dollars.[1]

      e.      Plaintiff's request for prejudgment interest is **DENIED**.

      f.      Plaintiff's request for costs is **DENIED without prejudice** to Plaintiff filing a properly supported Bill of Costs within the time allowed by the rules of the Court following entry of judgment in this case.

3.      Because the Court has determined that Plaintiff has failed to establish the Court's personal jurisdiction over Defendant Vivek Sinha, Plaintiff's Request to Take Judicial Notice (Doc. 31) is **DENIED as moot**.

4.      The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[1] In the Report and Recommendation, the Magistrate Judge noted that Plaintiff's Motion for Default Judgment included a request for a judgment in the amount of $271,680 against GH International and Hartshorne, jointly and severally, with respect to Count I, and for a judgment in the amount of $271,680 against JGH Global as to Count III. Doc. 33 at 17 (citing Doc. 32 at 11). The Magistrate Judge observed that this request raised issues of double recovery, which Plaintiff failed to address despite previous requests by the Magistrate Judge. *Id.* The Magistrate Judge therefore recommended that the Court permit Plaintiff to file a motion addressing this issue and clarifying whether Plaintiff was continuing to pursue separate judgments. *Id.* However, Plaintiff filed a response to the Report and Recommendation stating that it did not intend to pursue separate judgments, and that it was only requesting a single judgment against GH International, Hartshorne, and JGH Global, jointly and severally. Doc. 34. Accordingly, there is no need for the Court to allow briefing on the issue, and a single judgment will be entered.

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding